**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Lee Jones, Sr., | No. CV-22-00277-PHX-MTL (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

In this prisoner civil rights case, Plaintiff appeals from the Magistrate Judge's decision denying his motion to extend discovery deadlines. Under Rule 72(a), Fed. R. Civ. P., "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law."

The Magistrate Judge Order (Doc. 41) summarizes the procedural history of the case. Relevant here, two months after the close of discovery, and after Defendant filed a summary judgment motion, Plaintiff moved to extend all discovery deadlines. "Between November 8, 2022 and June 28, 2023, the parties filed only a single notice of discovery – Defendants' Notice of Deposition of Plaintiff on February 10, 2023." (*Id*. at 2.) Plaintiff stated that he recently had surgery on his hand that impaired his ability to work on discovery. The extension was necessary to obtain medical records for his case.

Applying the good cause and excusable neglect standards, the Magistrate Judge denied Plaintiff's motion. The Magistrate Judge concluded that the Defendants would be prejudiced because they had already filed a summary judgment motion and Plaintiff

"allowed the discovery deadlines in this action [to expire] without objection." (*Id*. at 3.) The Magistrate Judge observed that the docket demonstrates no record of Plaintiff's discovery activity whatsoever during the discovery period. Moreover, the Magistrate Judge recognized Plaintiff as an experienced and frequent pro-per litigator who "has demonstrated in other actions before this Court that he *could* submit filings to the Court in the time periods leading up to the expired deadlines." (*Id*. at 2 (emphasis in original).)

In his appeal, Plaintiff argues that he exchanged written discovery during the discovery period but he simply did not file discovery notices on the docket. He provides additional detail about his hand surgery and its impact on his ability to write.

The Court finds that the Magistrate Judge Order is not clearly erroneous or contrary to law. Plaintiff did not seek a discovery extension during the discovery period. Defendants relied on the close of discovery and filed their motion for summary judgment. As an experienced pro-per litigator in the field of prisoner civil rights, Plaintiff knows, or should know, the importance of seeking discovery extensions during the active discovery period. Asking to reopen discovery months after it has closed is not a sign of diligence. Reopening discovery now, moreover, would undermine the Magistrate Judge's scheduling order and the Court's objective in managing cases efficiently to a conclusion. It would prejudice Defendants because the effort that they expended on the pending summary judgment motion would be wasted.

**IT IS ORDERED** that Plaintiff's appeal (Doc. 43) is **denied**.

**IT IS FURTHER ORDERED** that the Magistrate Judge Order (Doc. 41) is **affirmed**.

Dated this 17th day of November 2023.

Michael T. Liburdi
United States District Judge